SARTAIN, Judge.
The Department of Highways of the State of Louisiana (Department) instituted suit to expropriate four parcels of land belonging to the defendants. The land sought to be taken is alleged to be necessary for the relocation of a pipeline. The relocation of the pipeline is occasioned by the construction of State Route No. 3052 known as the Baldwin-Jeaneret’te Highway. The properties expropriated do not fall within the highway right-of-way itself but lie adjacent to the said right-of-way. The portion of defendants’ property included within the highway right-of-way is not an issue in this litigation.
The Department contends that it may expropriate the subject properties by employment of the “quick taking” method. L.R.S. 48:441-460. The defendants contend that the taking of the property for the relocation of a public utility is not permitted under the quick taking statute and that the Department must resort to its general power of expropriation as defined by L.R.S. 48:-217-222.
In denying the motion to dismiss the trial judge held that the case of State Through Dept. of Highways v. Bradford, 242 La. 1095, 141 So.2d 378 (1962) was controlling in the instant matter. Inasmuch as the defendants have no appeal from the decision of the trial judge and the facts of this case somewhat extend the theory of Bradford, we granted writs of certiorari, prohibition and mandamus to review the judgment rendered in the district court.
For reasons hereinafter stated we are of the opinion that the decision of the trial judge is correct and that the writs previously issued should be recalled.
In Bradford, the Supreme Court held that the Department could avail itself of the quick taking method to expropriate a servitude from which dirt was to be obtained for the construction of a highway roadbed. The property therein expropriat *6 ed was located a short distance from the highway right-of-way.
Mr. Justice McCaleb, On Rehearing, in expressing the opinion of the majority stated: 141 So.2d 378, 386, 387
“Section 19.1 of Article 6 of the Constitution states ‘The Legislature shall have authority to authorize the taking of property for highway purposes by orders rendered ex parte in expropriation suits prior to judgment therein * * *.’ (Emphasis ours.)
This language, albeit broad in scope, is clear and explicit. Hence it is not subject to construction and should be applied according to the most usual signification in which the words used are generally understood. Article 14 of the Civil Code. The word ‘property’ includes all property which is subject to the power of eminent domain under our law, i. e. — im-movables (see R.S. 48:217; R.S. 48:222; R.S. 48:223), wherever situated — provided the taking is for a highway purpose, i. e., for use in the building, improvement, maintenance and repair of the State highway system (see R.S. 48:21), and not whether the land to be taken is or is not part of the highway right of way. If the framers of Section 19.1 had intended that the authorization to the Legislature to expropriate property by ex parte orders was to be limited to the property forming part of the highway right of way, it would have been easy to thus provide by appropriate language. Indeed, the very fact that the language used is of broad scope must be considered by us as a cogent reason for not restricting the meaning of the law to categories not plainly indicated by the lawmaker.
And this is the result, notwithstanding the employment of the rule that laws in derogation of the common right are to be strictly construed. For, even under this doctrine of construction the Court is without warrant to substitute for the phrase ‘for highway purposes,’ as used in the constitutional article, the phrase ‘for highway right of way purposes,’ as contended by Mrs. Bradford. See Article 20 of the Civil Code. On the contrary, assuming that we are permitted to search for legislative intent in its use of the phrase ‘for highway purposes’, it appears logical to examine the nature and kind of property the highway department was given the right to expropriate prior to adoption of Section 19.1 of Article 6. The original constitutional mandate (Section 19 of Article 6, as amended by Act 204 of 1926), that the Legislature shall provide for the establishment and maintenance of a system of hardsurfac-ed State Highways and bridges, declared that the Legislature shall authorize the acquisition, by expropriation or otherwise, ‘of rights of way for highways, and drains therefor’ and may provide ‘for the purchase or expropriation of property necessary or useful for the purpose of building or maintaining highways

Thus, by the vesting of specific authority in the Legislature to expropriate property for highway rights of way and drainage and also for any useful purpose in building or maintaining highways, it is now manifest to us that, when Section 19.1 of Article 6 provides for expropriation of property for highway purposes by ex parte orders, it means exactly what it says, and the language used should not be construed, under the guise of interpretation, to extend only to property within the path of the highway right of way.”
Accordingly, Bradford stands for the proposition that the invocation of the quick taking authority is not limited to the highway right-of-way but may be extended to take property located near the right-of-way from which dirt is to be excavated.
The question presented in the instant matter is whether or not the Department has the authority to use the same method in expropriation to acquire property adjacent to the right-of-way for the purpose *7 of relocating a pipeline. Under the facts in the instant case we conclude that such authority does exist. It is conceded by all parties that the pipelines were in existence and must be moved if the highway is to follow the intended direction.
Relator argues that the taking of the property is not for a highway purpose, i. e., for use in the building, improvement, maintenance and repair of the State highway system and as such is not sanctioned by-L:R.S'. 48:441-460.
It appears to us that the rationale of Bradford embraces the situation presented in this present cause. If the relocation of the pipeline is essential to permit the construction of the proposed highway, the Department should be permitted to acquire the necessary lands to accomplish that purpose. It would be a vain and useless procedure to acquire the bed of the highway right-of-way by the quick taking method and then have to await the normal and often protracted delays occasioned by the regular method of expropriation. The delay caused by the latter method of expropriation would defeat the very purpose of the quick taking procedure. The right to a hearing to contest the validity of the taking on the ground that the property is not expropriated for a public use is preserved to the landowner. L.R.S. 48:447. This is exactly what the landowner has done in the case at bar; however, defendants’ principal argument is that the Department is using the wrong method of expropriation.
When the motion to dismiss was heard in the district court defendants offered no evidence as to the necessity of the taking or that the size of the parcels of land sought to be expropriated were excessive. The issue presented to the trial judge and now to us is strictly one of law and is limited to the question of whether or not the Department may acquire the subject property via the same method as though it were a part of the right-of-way for a roadbed. In responding to the issue thus presented we hold that the Department does have the authority to proceed in the manner proposed and that the motion to dismiss filed by the defendants was properly overruled.
Accordingly, the writs previously issued herein are recalled and vacated and the decision of the trial judge is affirmed at relators’ costs.
Writs recalled.