SUMMERS, Justice
(dissenting from the refusal to' grant writs).
In this expropriation proceeding the Department of Highways alleged that it was necessary that it acquire certain property advantageously situated adjacent to the right of way of a proposed four lane highway. It is asserted that the taking should be in full ownership "for utility purposes” for the avowed purpose of relocating a public utility gas pipeline.
The Department proceeded under the “Declaration o.f Taking” or quick taking statute (La.R.S. 48:441 to 460) and obtained an ex parte order of court vesting it with title to the property in question upon deposit of the estimated compensation. The trial court denied a motion to set aside this order as having been improvidently issued. On defendant’s application the Court of Appeal granted review and affirmed. 248 So.2d 5.
In my opinion this decision is an unwarranted expansion of the rights granted to the Department of Highways by Section 19.1 of Article VI of the Louisiana Constitution, as implemented by Sections 441 to 460 of Title 48 of the Revised Statutes, or by the rights accorded in Section 217 of Title 48 of the Revised Statutes, all of which are relied upon by the Department as authority to support its position.
Authorization for this quick taking procedure found in Section 19.1 of Article VI of the Constitution only grants power to the Legislature to permit the taking of property “for highway purposes” by orders rendered ex parte. Legislative implementation of this constitutional grant can be found in Sections 441 to 460 of the Revised Statutes permitting the use of this quick taking procedure “for highway purposes” only.
By these enactments a different and separate method of expropriation is authorized in addition to conventional expropriation which requires judgment and compensation previously paid as conditions precedent to the vesting of title in the expropriating authority. See State Through Dept. of Highways v. Bradford, 242 La. 1095, 141 So.2d 378 (1962); State Through Sabine River Authority v. Phares, 245 La. 534, 159 So.2d 144 (1964).
Notwithstanding that the Department is authorized by Section 217 of Title 48 of the Revised Statutes to acquire immovable property “necessary for the removal thereto of public utilities * * * to accommodate the construction and maintenance of highways”, nowhere is it indicated that this right is to be exercised by other than conventional expropriation. To -permit the quick taking procedure, as con *745 templated in Sections 441 to 460 of Title 48 of the Revised Statutes, the authority-should be implicit. Thus it is improper to say that taking property to lay utility lines is a “highway purpose” under principles of strict construction. The Department’s action here is, therefore, an effort to take property for other than “highway purposes” as that term is used in the Constitution and Revised Statutes (La. Const, art. 6, Sec. 19.1 and La.R.S. 48:441 to 460).
This adjudication joins a line of decisions beginning with State Through Dept. of Highways v. Bradford, 242 La. 1095, 141 So.2d 378 (1962), and continuing through Department of Highways of State of Louisiana v. Southwestern Electric Power Company, 243 La. 564,145 So.2d 312 (1962), and Gray v. State, 250 La. 1045, 202 So.2d 24 (1966), which hav.e deliberately disregarded the cautionary wisdom of the rule of strict construction applicable to laws of expropriation. These decisions have instead applied a liberal attitude in interpreting these laws with the result that the ex-tremis of expropriation has been applied in areas not contemplated by either the letter or spirit of the Constitution or legislative enactments. The effect is that these edicts give judicial approval to a taking not authorized by law. By so doing the Court derogates from fundamental principles designed to preserve and protect rights of private property. I do not subscribe to this attitude.